IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MAURO C. PALACIO                                                    PETITIONER
REG. #39711-180

V.                            NO.  2:09cv00052 JLH-JWC

T.C. OUTLAW, Warden,                                               RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## <u>RECOMMENDED DISPOSITION</u>

Mauro C. Palacio, an inmate at the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1), challenging the computation of his federal sentence.  Respondent has filed a response (doc. 7), to which Petitioner replied (doc. 10, 11, 13).  For the reasons that follow, the petition should be **dismissed**.

I.

Petitioner is serving a 120-month sentence in federal prison for attempted enticement of a child, in violation of 18 U.S.C. § 2422(b), arising out of the United States District Court for the Western District of Texas.  He alleges that the Bureau of Prisons (BOP) has improperly denied him 562 days of credit on his sentence for the period from November 5, 2003, to May 19, 2005, during which Petitioner says he was in the primary custody of federal authorities.

2

The following facts are relevant and largely undisputed.  On March 29, 2003, Petitioner was arrested by Texas state authorities in Montague County, Texas, on a state charge of criminal solicitation of a minor.  He was released on bond a few days later.  On November 5, 2003, he was arrested by Texas state authorities for a separate offense and was taken into the custody of state authorities.[1]  As a result of that offense, he was charged with attempted enticement of a child in a federal indictment filed on November 18, 2003, in the United States District Court, Western District of Texas (Austin).  *See United States v. Palacio*, No. 1:03-CR-00302-SS-1, at doc. 1 (W.D. Tex.) (*Palacio*).[2]  However, state charges for the November 5 offense were not pursued (*see* doc. 13, at 4-5).  On January 15, 2004, Petitioner was convicted of the March 29 state solicitation offense in the 97th Judicial District Court in Montague County, Texas, Case No. 03-05-0080M-CR, receiving a sentence of ten years.

On February 12, 2004, Petitioner was transferred to the physical custody of the United States Marshals Service (USMS) pursuant to a writ of habeas corpus *ad prosequendum* for trial and sentencing on the federal offense in the Texas federal district court.  (Severson Decl., ¶ 3 & att. 2 [doc. 7-2, at 2, 12]).[3]  *See Palacio*, *supra* at docs. 3, 4 & 2/05/04 entry.  He was found guilty at a jury trial in November 2004 and, on January

_____

[1]According to Respondent, Petitioner was arrested by members of the Texas Attorney General's Cyber Crime Unit in the parking lot of a restaurant where he attempted to meet with an undercover agent who was acting as a fifteen-year-old female (doc. 7, at 2).

[2]This docket sheet was accessed electronically through the Texas federal district court's website.

[3]This is the declaration of Daniel R. Severson, a paralegal specialist with the BOP, attached to doc. 7.  Attachment 2 is an Individual Custody and Detention Report from the USMS Prisoner Tracking System.

28, 2005, he was sentenced to 120 months of imprisonment. *Palacio*, *supra* at docs. 48-68. The federal judgment, entered on February 2, 2005, states: "The term of imprisonment in this case shall be served consecutively to the term of imprisonment imposed in Cause No. 03-05-0080M-CR in the 97th Judicial District Court of Montague County, Texas." (Severson Decl., att. 3 [doc. 7-2, at 17-18].)

According to USMS tracking records, while under the federal writ of habeas corpus *ad prosequendum*, Petitioner was transported to and boarded at various facilities from February 12, 2004, through his federal trial and sentencing. (Severson Decl., att. 2 [doc. 7-2, at 12-13, 15].)[4] During part of that time, he was sent to the Federal Medical Center in Fort Worth, Texas, for a mental competency evaluation. (*Id.* at 12-13.)[5] After sentencing, he is shown to have been in BOP custody part of the time and in "transit" other times, until being "[returned] to state custody" in early May 2005. (*Id.* at 15.) Other records indicate that he was released from the BOP on May 19, 2005 (doc. 1, at 22), which is the date Petitioner says he was released to the custody of the Montague County Sheriff's Department to serve his state sentence (doc. 1, at 6, 8).

On November 1, 2007, Petitioner was paroled from his state sentence, and he was transferred to the custody of federal authorities to serve his federal sentence. The BOP

---

[4]The USMS records state that he was at McLennan County Corrections from February 26 to March 19, 2004; at a local medical facility from March 19 to March 23; back at McLennan County from March 23 to June 19; at FMC-Fort Worth for "medstudy" from June 19 to September 8; at Bastrop County Jail from September 8 to November 23; at T. Don Hutto Correction Center from November 23, 2004 to March 9, 2005; and at Houston BOP-MDC from March 24 to May 6, 2005. From the records submitted, there is no discernible explanation for gaps in the dates, *i.e.*, February 12 to 25, 2004; March 10 to 23, 2005; May 7 to 19, 2005.

[5]*See also* Severson Decl. att. 1 (doc. 7-2, at 9), which is a BOP Sentence Monitoring Computation Data summary.

computed his 120-month federal sentence as commencing on this date with a projected release date of July 18, 2016, and with no credit for any prior custody. (Severson Decl. ¶¶ 6-7 & att. 1 [doc. 7-2, at 7].)   According to Petitioner, he arrived at FCI-FC on January 15, 2008 (doc. 1, at 6), and BOP records show that as his date of commitment. (Severson Decl., att. 1 [doc. 7-2, at 6].)

In April 2008, Petitioner submitted an informal resolution attempt through the BOP's administrative review process, stating that he believed he was entitled to credit on his federal sentence for the period from November 5, 2003, to May 19, 2005. (Severson Decl., att. 4 [doc. 7-2, at 28-29].)[6]  Upon denial, he pursued his request through the BOP's formal administrative remedy process.  The FCI-FC warden denied his request for relief, as did the BOP Regional Director.  (*Id.* at 23-27.)

Petitioner's final administrative appeal was to the National Inmate Appeals administrator, who also denied relief, concluding that his sentence had been computed "as directed by federal statute and [BOP] Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)." (*Id.* at 20-22.)  The decision stated:

> You were arrested by Texas State Law Enforcement on November 5, 2003. The Texas Department of Criminal Justice verified you were sentenced on January 15, 2004, to a 10 year term of imprisonment for Criminal Solicitation of a Minor with credit beginning October 29, 2003.  While in the primary custody of the State of Texas, the United States Marshal's Service "borrowed" you via a Writ of Habeas Corpus Ad Prosequendum to resolve your federal charges.  On January 28, 2005, you were sentenced in the United States District Court, Western District of Texas to a term of 120 months with 10 years supervised release for Attempted Enticement of a Child, to run consecutive to your state sentence.  On May 19, 2005, you were returned to the custody of the State of Texas to serve your state

---

[6]Attachment 4 contains documentation of Petitioner's administrative submissions and the BOP's responses.

> sentence.   On November 1, 2007, you were paroled from your state sentence to the custody of the United States Marshal's Service.   You received credit toward your state sentence beginning October 29, 2003, through November 1, 2007, at which time your consecutive federal sentence began.   In accordance with Title 18 U.S.C. § 3585(b), the credit you request was awarded toward your state sentence and is not applicable toward your federal sentence.

(*Id.* at 20.)   Respondent concedes that Petitioner has completed the BOP's administrative remedy process regarding the issues raised here.   (Severson Decl. ¶ 9 [doc. 7-2, at 3].)

## II.

The United States Attorney General, through the BOP, is responsible for imprisoning federal offenders, designating where their sentences will be served, and determining what credit should be awarded for any presentence custody.   *United States v. Wilson*, 503 U.S. 329, 331, 334-35 (1992); *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S. 1152 (2007); 18 U.S.C. § 3621(b).   Computation of credit for time spent in custody before commencement of a federal sentence is governed by 18 U.S.C. § 3585(b), which provides:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The determination of whether a defendant should be given credit for time served under this statute "is properly left to the Bureau of Prisons" and is made only "after the defendant begins his sentence." *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

In addressing Petitioner's administrative requests, the BOP contacted the Texas Department of Criminal Justice and verified that he received credit toward his state sentence for the period from October 29, 2003, to November 1, 2007. (Severson Decl., att. 4 [doc 7-2, at 20, 24, 27.])  Under § 3585(b), a defendant can receive credit on a federal sentence only for time "that has not been credited against another sentence."  The Supreme Court and Congress have made it clear that the statute prohibits a defendant from receiving "a double credit for his detention time."  *Wilson*, 503 U.S. at 337.  *See also Potwin v. Sanders*, 231 Fed. Appx. 538, 539 (8th Cir. 2007) (unpub.) (federal inmate not entitled to credit where "time at issue had been credited by the State of Texas to his state parole-violation sentence and may not be double counted"); *Baker v. Tippy*, 230 F.3d 1362 (8th Cir. 2000) (unpub. table op.) (federal defendant not entitled to "additional credit" against federal sentence for time served between date he was transferred via a writ of habeas corpus *ad prosequendum* from state to federal custody in order to face federal charges on a federal offense, and the date his state sentence expired); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (federal defendant not entitled to credit for time spent in state custody where he received credit against his state sentence for that period).

Because the record shows without dispute that Petitioner received credit against his state sentence for the custodial period in question, the BOP did not abuse its discretion in declining to award him an additional credit against his federal sentence for the same time period.

Petitioner contends that the State of Texas awarded him credit for this time because the state court had stipulated that its ten-year sentence was to run concurrent with any other sentence (doc. 10, at 4).  He submits no documentation to support this statement. In any event, the law is clear that, while a state court may express its intent that a defendant's state sentence run concurrently with a federal sentence, this intent is not binding on federal courts or the BOP.  *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007).   Here, as stated, the federal sentencing court specifically ordered that Petitioner's federal sentence was to be served consecutively to the existing state sentence, indicating that credit for his federal sentence was not to begin until completion of the state sentence.  When a federal defendant is "already subject" to "an undischarged term of imprisonment," the federal sentencing court is expressly authorized by statute to make the federal sentence run concurrently or consecutively with the undischarged term.   *Id.*; *see* 18 U.S.C. § 3584(a).

When a defendant is already serving a state sentence at the time of a federal sentencing, the BOP also has "the practical power 'to make the federal sentence run concurrently [with the existing state sentence] by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.'" *Fegans*, 506 F.3d at 1103 (quoting *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)); *see also* BOP Program Statement 5880.28, at 1-13 (Feb. 21, 1992).[7] However, such a designation is inappropriate and unauthorized where, as here, the federal

---

[7]The BOP program statements are accessible at www.bop.gov/policy/index.jsp.

sentencing court has already made a determination regarding the order in which multiple sentences are to be served.  BOP Program Statement 5160.05, at 6 (Jan. 16, 2003).

Petitioner also contends that he is entitled to credit for the entire period because he was in the primary custody of federal authorities from his arrest on November 5, 2003, until May 19, 2005, and that he was in the physical custody of federal authorities during most of that time.   He says federal authorities gained primary jurisdiction over him on November 5, 2003, that he was told by BOP officials in early 2005 that he had been designated to serve his federal sentence at CI-Taft (California), that the USMS transferred him "from place to place with no idea where to put" him, and that the USMS clearly erred in mistakenly surrendering him to state officials in May 2005.  On the other hand, Respondent asserts that the State of Texas always maintained primary jurisdiction over Petitioner until his federal sentence commenced on November 1, 2007, and that federal authorities merely "borrowed" him from state officials pursuant to a writ of habeas corpus *ad prosequendum* so that he could be tried and sentenced on the federal charges.

When two separate sovereigns exercise jurisdiction over the same person during the same time period, "primary jurisdiction ... is generally determined by which one first obtains custody of, or arrests, the person."  *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).  The controlling factor is "actual physical custody" of the accused.  *Id.*  Primary jurisdiction continues until the first sovereign "relinquishes its priority in some way," through release on bail, dismissal of charges, parole, or expiration of sentence.  *Id.*  If, while under the primary jurisdiction of one sovereign, the accused is transferred to the other's jurisdiction to face a charge, "primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."  *Id.* at 896-97.  Issuance of a writ of

habeas corpus *ad prosequendum*, which is used to obtain custody of a defendant so that he can be prosecuted in the proper jurisdiction, does not alter a defendant's custody status, but merely constitutes a temporary change in the location of his custody. *Munz v. Michael*, 28 F.3d 795, 798 & n.3 (8th Cir. 1994).

The BOP's policy is consistent with these principles, stating that time spent in federal custody under a writ of habeas corpus *ad prosequendum* from non-federal custody "will not in and of itself be considered for the purpose of crediting presentence time." BOP Program Statement 5880.28, at 1-20B (July 29, 1994). The policy further states: "The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." *Id.*

Here, the record shows that the State of Texas had primary jurisdiction when it arrested Petitioner on March 29, 2003, which it relinquished by releasing him on bond. The State of Texas regained primary jurisdiction on November 5, 2003, when Texas state authorities again arrested Petitioner for a new offense and took him into physical custody. It appears that the state chose at some later point not to pursue any charges for the November 5 offense in lieu of federal prosecution, but that is immaterial as it is undisputed that there was an outstanding state charge (the March 29 offense), and that Texas state authorities made the arrest and took him into state custody, where he remained until February 12, 2004. The USMS tracking records confirm that Petitioner was removed from the Montague County Jail on that date pursuant to a "WHCAP" (writ of habeas corpus *ad prosequendum*). (Severson Decl., att. 2 [doc. 7-2, at 12].). Additionally, the docket sheet for Petitioner's federal case shows that a writ of habeas corpus *ad prosequendum* was issued by the Texas federal district court on February 5, 2004. *Palacio*, *supra* at docs. 3,

4 & 2/5/04 entry.  The USMS records further indicate that Petitioner was transported to and boarded at various facilities through his federal trial and sentencing, then afterwards was in "transit" and was returned to state custody in May 2005.  (Severson Decl., att. 2 [doc. 7-2, at 12-13, 15].)  The final entries on the USMS records show he was transferred from the Texas Department of Corrections into federal custody on November 1, 2007, and his status was "WT-DESIG." (*Id.* at 15.)  At this point, the State of Texas relinquished primary custody of Petitioner, and he was awaiting transportation to the facility designated by the BOP for serving his federal sentence.

Based on this record, the BOP reasonably concluded in Petitioner's administrative proceedings that Petitioner remained "in the primary custody of the State of Texas" from November 5, 2003, until November 1, 2007, when his federal sentence "commenced." (Severson Decl., att. 4, [doc. 7-2, at 20, 25].)  *See* 18 U.S.C. § 3585(a) (federal sentence "commences on the date the defendant is received in custody awaiting transportation ... to the official detention facility at which the sentence is to be served").  The BOP's decision in this regard reflects the understanding of the Texas state courts and the federal sentencing court.  The Texas Department of Criminal Justice credited Petitioner's state sentence with the period from October 29, 2003, to November 1, 2007, indicating that it considered him to be in the primary custody of the State of Texas during that entire period. (Severson Decl., att. 4 [doc. 7-2, at 20, 24, 27.])  Moreover, in addressing a post-trial motion in Petitioner's federal case, the sentencing judge stated that, at the time of Petitioner's federal sentencing, "his presence was pursuant to a writ as he was in the primary custody of the State of Texas" (doc. 1, at 40).  The judge further stated that he had "full confidence that the Bureau of Prisons can determine the amount of time he was in

11

federal custody after he was obtained from the State of Texas and before he was returned to the State of Texas by writs from the undersigned."

Petitioner asserts that, after his federal sentencing, he was transported to various federal facilities and told he had been designated to serve his federal sentence at an institution in California.  Although the record as stated does show that he was in "transit" during this time, no documentation shows that any designation of an "official detention facility" was made by the BOP prior to his current FCI-FC designation.  *See* 18 U.S.C. § 3585(a).

In support of his arguments, Petitioner primarily relies on three cases, *Brown v. Perrill*, 28 F.3d 1073 (10th Cir. 1994), *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002), and *Luther v. Vanyur*, 14 F. Supp. 2d 773 (E.D.N.C. 1997).  *Brown* is inapposite because it was expressly limited to the facts presented there, and it involved a federal statute predating § 3585(b), which mandates that no time may be credited if the same time has been credited to another sentence.  *Brown*, 28 F.3d at 1075; *see also Brown v. Perrill*, 21 F.3d 1008, 1009 (10th Cir. 1994).  Unlike the situation here, *Luther* involved a federal sentence *followed* by a state sentence, with no statement from the federal sentencing court whether the yet-to-be-imposed state sentence was to run concurrently or consecutively. *Luther*, 14 F. Supp. 2d at 776-77.  Finally, in *Weekes*, the  factual record showed that the State of Idaho had relinquished exclusive and permanent custody of a defendant to the United States, rather than transferring him pursuant to a request for temporary custody or a writ of habeas corpus *ad prosequendum*.  *Weekes*, 301 F.3d at 1180-81.

III.

Petitioner's challenge to Respondent's computation of his federal sentence is without merit.  Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1) should be **dismissed** in its entirety, with prejudice.

DATED THIS 27th day of October, 2009.


_____
UNITED STATES MAGISTRATE JUDGE